## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

August 17, 2012

### LETTER ORDER

Re:  *Shannon Font v. C & J Auto Sales, LLC, et al.*
     Civil Action No. 11-3415 (ES)

Dear counsel:

Before the Court is Plaintiff Shannon Font's ("Font" or "Plaintiff") unopposed motion for default judgment against Defendant Phil & Al's Auto Center.[1] (*See* Docket Entry No. 11). The Court has reviewed Plaintiff's motion, as well as the accompanying Declaration of David Font. For the reasons set forth below, the Court denies Plaintiff's motion.

Federal Rule of Civil Procedure 55(b)(2) provides this Court with great discretion when considering a motion for default judgment. Indeed, Rule 55(b)(2) allows the Court to "conduct hearings or make referrals . . . to enter or effectuate [a] judgment [when] it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

The Court finds that exercising such discretion is warranted here where the Court requires additional evidence to establish the truth of Plaintiff's allegations and effectuate the judgment. (*See* Fed. R. Civ. P. 55(b)(2)). Specifically, the Court was not provided with any documentation to support Plaintiff's damage claims. That is, Plaintiff neither provided the Court with the bill of sale confirming the price that she allegedly paid to purchase her vehicle; nor did Plaintiff provide the Court with any evidence to support the costs associated with repairing the vehicle. By contrast, Plaintiff only provided the Court with the following unsubstantiated allegation: "[b]ecause of the large amount of wear on the vehicle, repairs have been needed almost immediately. These include the following amounts, new engine, $4,379, starter $472, and clutch $498. As noted, I have already paid $5,269 for the car."[2] (Font Decl. ¶ 4). This

---

[1] Plaintiff has only moved for default judgment against this Defendant.

[2] The Court makes the following two observations that it would like clarified. First, it is unclear who is the actual Plaintiff in this case. For example, the only Plaintiff's name listed in the caption is Shannon Font; however, in David Font's Declaration he states "I am the plaintiff in the above entitled action." (Font Decl. ¶ 1). Second, it is unclear who actually purchased the vehicle. (*Compare* Compl. ¶ 1 ("[Shannon Font] is the purchaser of the vehicle) *with* Font Decl. ¶ 2 ("I purchased the vehicle . . . .")).

Court will not, nor should it, speculate as to how Plaintiff arrived at these particular amounts. Without more, this Court cannot provide Plaintiff with the relief she seeks.

For the foregoing reasons, the Court finds Plaintiff's motion, as currently drafted, deficient. Therefore, the Court denies Plaintiff's motion for default judgment. The Court's denial is without prejudice. Plaintiff may renew her motion for default judgment to cure the deficiencies outlined above. In the interim, the Clerk of Court shall terminate Docket Entry No. 11.

**SO ORDERED**.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**